Opinion by CLINE, J. Lily bulbs stipulated to be the same in all material respects as the bak hop the subject of *Oy Wo Tong Co.* v. *United States* (5 Cust. Ct. 70, C. D. 372) were held entitled to free entry under paragraph 1669 as crude drugs. Chinese wine stipulated to be the same as that the subject of *Wing Duck Co.* v. *United States* (6 Cust. Ct. 133, C. D. 446) was held exempt from assessment under the Liquor Taxing Act of 1934, as an alcoholic medicinal preparation. The protests were sustained to this extent.

**No. 52332.**—I. Freeman & Son, Inc., et al. *v.* United States, protests 57856-K, etc. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

**No. 52333.**—J. H. Graham & Co., Inc. *v.* United States, protest 88198–K (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protest was sustained to this extent.

BEFORE THE THIRD DIVISION, MAY 17, 1948

**No. 52334.**—Fred C. King *v.* United States, petition 6586–R (Los Angeles).

Opinion by CLINE, J. At the trial the petitioner testified that he bought the bulbs through an agent of Konynenburg & Mark of Noordwyk, Holland, at the Southern California Flower Market; that when the shipment arrived in this country, he went to a broker's office with his papers; that he told the broker he did not know how much the bulbs cost, since some cost $2 apiece and some $25 a thousand; that the broker then looked at the papers and told him what he had paid. Subsequently, he received a bill for $20 additional duty, which he paid, and